Anne Foster, OSB No. 993152
afoster@sfklegal.com
Samuel T. Smith, OSB No. 084772
ssmith@sfklegal.com
Jaimee King, OSB No. 146042
jking@sfklegal.com
Smith Foster King LLP
3330 NW Yeon Ave, Suite 240
Portland, OR 97210
(503) 567-7100

Matthew Z. Crotty
mzc@rnwlg.com
*(Pro Hac Vice Forthcoming)*
Riverside NW Law Group, PLLC
905 W. Riverside Ave, Suite 208
Spokane, WA 99201
(509) 850-7011
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PENDLETON DIVISION

| | |
|---|---|
| SAMANTHA WARD, an individual, | Case No.: _____ |
| Plaintiff, | COMPLAINT |
| v. | (Retaliatory Discharge in Violation of Title VII, ORS 659A.230, ORS 659A.199, and ORS 659A.030; Aider and Abettor) |
| MORROW COUNTY HEALTH DISTRICT, a local governmental body, and EMILY ROBERTS REYNOLDS, an individual. | |
| Defendants. | DEMAND FOR JURY TRIAL |

## COMPLAINT

This is a civil action brought by Plaintiff Samantha Ward ("Ms. Ward") against her former

employer, Morrow County Health District ("Defendant MCHD"), for retaliatory discharge as well

as its chief executive officer, Emily Roberts Reynolds ("Defendant Reynolds") as an aider and

PAGE 1 – COMPLAINT

SMITH FOSTER KING LLP
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
(503) 567-7100

RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 850-7011

abettor.  As explained herein, Defendant MCHD (at Defendant Reynolds' direction) fired Ms. Ward from her job as a paramedic – despite her stellar performance record – simply because Ms. Ward had the gall to exercise her Constitutional right to seek redress in a court of law against a former employer (a neighboring public body).  Defendants' conduct was flagrantly unlawful and demands immediate correction.

<strong>PARTIES</strong>

1.    Ms. Ward is a resident of Richland, Washington.  At all times relevant to this lawsuit, Ms. Ward worked as a paramedic for Defendant MCHD.

2.    Defendant MCHD is a local government agency that maintains a place of business in Heppner, Oregon.

3.    At all times relevant to this lawsuit, Defendant Reynolds was Defendant MCHD's chief executive officer.  Upon information and belief, Defendant Reynolds is a resident of Heppner, Oregon.

<strong>JURISDICTION AND VENUE</strong>

4.    This Court has original jurisdiction over Ms. Ward's claims under Title VII of the Civil Rights Act pursuant to 28 U.S.C. § 1331.

5.    This Court has supplemental jurisdiction over Ms. Ward's state law claims pursuant to 28 U.S.C. § 1367.

6.    Ms. Ward exhausted her administrative remedies under Title VII by filing a charge of discrimination with the Equal Employment Opportunities Commission ("EEOC") on March 24, 2025, and filing this action within 90 days of receiving her Right to Sue letter which Plaintiff received on March 25, 2025.

7.    Ms. Ward satisfied ORS 30.275's notice requirement by serving a tort claim notice on MCHD by email on March 12, 2025, and by certified mail on March 28, 2025.  Said mailing of the tort claim notice was within 180 days of Defendant MCHD's termination of Ms. Ward's employment.

PAGE 2 – COMPLAINT

SMITH FOSTER KING LLP
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
(503) 567-7100

RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 850-7011

8.      Venue is proper under 28 U.S.C. § 1391(b)(2) because, at the times these causes of action arose in Heppner, Oregon which is located in the District of Oregon. Venue is also proper under 42 U.S.C. § 2000E-5(F)(3) ("Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed").

## FACTUAL ALLEGATIONS

9.      On or about March 18, 2024, Defendant MCHD hired Ms. Ward as a paramedic.

10.     In or about July 2024, Ms. Ward successfully completed her period of probationary employment and became a full employee of Defendant MCHD.

11.     On September 20, 2024, Defendant MCHD promoted Ms. Ward to EMS "Lead/Supervisor" for Irrigon, Oregon.

12.     At all times relevant to this lawsuit, Paul Martin ("Mr. Martin") served as Ms. Ward's direct supervisor.  Mr. Martin is Defendant MCHD's Director of EMS and reports directly to Defendant Reynolds.

13.     Mr. Martin labeled Ms. Ward's performance as a paramedic and leader as "excellent."

14.     In late October 2024, Mr. Martin nominated Ms. Ward for the Q2 Service Excellence Runner Up Award.

15.     On December 29, 2024, Ms. Ward received multiple complaints of gender discrimination about one of her subordinate paramedics.

16.     Ms. Ward reported those complaints up the chain of command to Mr. Martin and sought guidance from Mr. Martin to ensure proper handling of these complaints.

17.     Following Mr. Martin's directives, Ms. Ward emailed Mr. Martin a detailed account of the complaints she received about the paramedic.

18.     Defendant MCHD initiated an investigation with the paramedic in question being placed on administrative leave.

SMITH FOSTER KING LLP
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
(503) 567-7100

RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 850-7011

19.    On January 4, 2025, during the above-mentioned investigation, Ms. Ward became aware of an email originally sent by union leader Jesse Reynen to Defendant Reynolds.

20.    This email referenced Ms. Ward's status as a plaintiff in a gender discrimination lawsuit regarding her former employer Benton County (Washington) Fire District No. 1 ("BCFD No. 1").

21.    Upon information and belief, reportedly in this email, Mr. Reynen noted Ms. Ward's legal action and made disparaging remarks about Ms. Ward, including statements such as "I would be careful of her" and "she seems sue happy."

22.    Defendant Reynolds forwarded this email to Mr. Martin, inquiring whether the claims were true.

23.    Mr. Martin responded to Defendant Reynolds, defended Ms. Ward's performance, said he was aware of the Benton County lawsuit, but denied the characterization Ms. Ward was "sue happy."

24.    Upon information and belief, Defendant Reynolds later deleted her incriminating email as well as Mr. Martin's response.

25.    On January 9, 2025, Ms. Ward received an email from Defendant MCHD's HR Director, Lindsey McKnight, notifying Ms. Ward she was identified as a possible witness to the above-referenced gender discrimination investigation and advised Ms. Ward of her scheduled Zoom interview date.  Ms. McKnight also informed Ms. Ward her participation in the interview was protected activity.

26.    On January 10, 2025, Ms. Ward attended the Zoom interview.  During the interview, Ms. Ward noted Mr. Reynen was within earshot of her and paused the conversation waiting for him to exit.

27.    On January 29, 2025, Defendant MCHD – at Defendant Reynold's direction – terminated Ms. Ward's employment.  Defendant MCHD fired Ms. Ward without consulting or even informing her direct supervisor, Mr. Martin (MCHD's EMS Director) until seconds prior to

SMITH FOSTER KING LLP
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
(503) 567-7100

RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 850-7011

calling Ms. Ward to terminate her.    Defendant MCHD and Defendant Reynolds sent Ms. McKnight to perform the termination.

28.    Shocked by her termination, Ms. Ward expressed to Ms. McKnight that she enjoyed her job, emphasized her spotless record with no disciplinary actions or counseling, and requested an explanation for her termination.

29.    At the termination meeting, Ms. Ward point blank asked Ms. McKnight if her lawsuit against BCFD No. 1 was the reason for termination to which Ms. McKnight stumbled on her words, claiming "we have determined you are not the right fit," and "we do not have to provide a reason because you are on probation."

30.    Ms. Ward then reminded Ms. McKnight that she'd been off probation since approximately July 2024, to which Ms. McKnight expressed surprise but refused to re-evaluate or provide a reason for Ms. Ward's termination.

31.    News of Ms. Ward's termination spread through the ranks.

32.    Thomas Roberts, the Irrigon Rural Fire Protection District Chief, emailed Defendant Reynolds stating, in relevant part:

> **From:** Thomas Roberts <TRoberts@IRFPD.org>
> **Sent:** Thursday, January 30, 2025 5:31 AM
> **To:** Emily Roberts Reynolds <emilyr@mocohd.org>
> **Cc:** Paul Martin <PaulMa@mocohd.org>
> **Subject:** Regarding Paramedic Samantha Ward
>
> Emily,
>
> Thank you for the call yesterday. I have had a few hours to think and reflect on the news you gave me, and now I am writing to express my deep disappointment and concern regarding the decision to dismiss Paramedic Samantha Ward. I wear many hats, but as Fire Chief of Irrigon RFPD, I have had the opportunity to observe the MCHD Irrigon Ambulance operations from a unique perspective, and I have come to recognize Paramedic Ward to be a dedicated, professional, and highly skilled provider of emergency medical services.
>
> Samantha has worked diligently to help build better, more effective emergency services in Irrigon with the belief that both MCHD and IRFPD need to be stronger together. Her commitment to collaboration and continuous improvement has been evident in her interactions with both agencies, always striving for better service delivery and patient outcomes. She has expressed her belief in the MCHD system positively since her arrival, and the changes she has overseen have significantly

PAGE 5 – COMPLAINT

SMITH FOSTER KING LLP
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
(503) 567-7100

RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 850-7011

improved the proficiency of the ambulance and fire services in Irrigon, enhancing the level of care provided to the community.

Recognizing her leadership, dedication, and impact, I recently promoted Samantha to the position of Captain at Irrigon RFPD, where she now oversees firefighter training and administration. This decision was based on her proven ability to lead, mentor, and elevate those around her. As I said on the phone, she has been a ROCKSTAR and her promotion with-in IRFPD stands as a testament to my confidence in her capabilities and my appreciation for the critical role she plays in emergency services.

33.     That same day, Defendant Reynolds responded to Chief Robert's email, did not push back against Chief Robert's claims regarding Ms. Ward's solid performance, and ended her email stating "there is very little that I can say in response to your concerns except to let you know that we have not objected to Ms. Ward's continuing role with IRFPD."

34.     On January 31, 2025, two of Ms. Ward's former co-workers at MCHD, named M. L. and N. H., emailed Mr. Martin expressing shock regarding Ms. Ward's termination.

35.     On February 1, 2025, one of Ms. Ward's former co-workers at MCHD, named W. L., emailed Mr. Martin a letter, lauding Ms. Ward's performance.

36.     On February 2, 2025, a local law enforcement officer wrote Mr. Martin an email expressing dismay regarding Ms. Ward's termination.

37.     On February 4, 2025, one of Ms. Ward's former coworkers at MCHD, named R. B., wrote Mr. Martin an email praising Ms. Ward's work performance.

38.     Upon information and belief, Defendant Reynolds learned multiple co-workers at MCHD sent emails supporting Ms. Ward's performance.

39.     Realizing the need to fabricate a reason justifying Ms. Ward's firing, Defendant Reynolds claimed that Ms. Ward was fired due to her alleged anti-union animus.

40.     At all relevant times to this lawsuit, Ms. Ward is and was a member of IAFF Local 1296 in good standing.

/ / /

/ / /

/ / /

PAGE 6 – COMPLAINT

SMITH FOSTER KING LLP
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
(503) 567-7100

RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 850-7011

## FIRST CAUSE OF ACTION
### Violation of Title VII – 42 U.S.C. § 2000e-3(a) – Retaliatory Discharge
### (Against Defendant MCHD)

41.    Ms. Ward realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

42.    At all times relevant to this lawsuit, Defendant MCHD constituted an "employer" as that term is defined by 42 U.S.C. § 2000e(b) by virtue of the fact that Defendant MCHD had 15 or more employees each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

43.    42 U.S.C. § 2000e-3(a) is Title VII's prohibition on employment retaliation and states, in relevant part, that it is an "unlawful employment practice or an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

44.    "To make out a prima facie case of retaliation [under Title VII], an employee must show that (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

45.    Ms. Ward engaged in protected activity by suing her former employer, BCFD No. 1 for gender discrimination in violation of Title VII and the Washington Law Against Discrimination (hereafter the "prior lawsuit").

46.    Defendant MCHD was aware of Ms. Ward's prior lawsuit and terminated her employment at Defendant MCHD because of Ms. Ward's participation in that prior lawsuit.

47.    Facts sufficient to establish a causal link between Ms. Ward's protected activity and Defendant MCHD's adverse employment action include, but are not limited to, the following:

    a.    The closeness in time between Defendant MCHD learning of Ms. Ward's participation in the prior lawsuit and Defendant MCHD's termination decision;

SMITH FOSTER KING LLP
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
(503) 567-7100

RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 850-7011

b. Defendant MCHD's pretextual justification for Ms. Ward's termination, *i.e.*, claiming Ms. Ward was anti-union despite the fact that Ms. Ward was, at all times relevant, a union member in good standing;

c. The fact that Defendant MCHD had no issues with Ms. Ward's performance until it learned about her participation in the prior lawsuit;

d. Defendant MCHD's failure and inability to articulate a legitimate non-retaliatory reason for justifying her firing at the time of her termination.

48. Defendant MCHD's unlawful actions, as described herein, constitutes "unlawful intentional discrimination" as that term is set forth in 42 U.S.C. § 1981a.

49. As a result of Defendant MCHD's unlawful actions, Ms. Ward is entitled to equitable remedies, including reinstatement, backpay with interest, an injunction on future violations of her civil rights, as well as any other equitable relief the Court finds just and proper. *See* 42 U.S.C. § 2000e-5.

50. Alternatively, as a result of Defendant MCHD's unlawful actions, Ms. Ward has suffered and is entitled to recover compensatory damages (including economic and noneconomic damages) in an amount to be proven at trial. *See* 42 U.S.C. § 1981a.

51. As a result of Defendant MCHD's unlawful actions, Ms. Ward is entitled to recover costs and reasonable attorney fees.

## SECOND CAUSE OF ACTION
### Violation of ORS 659A.230(1) – Retaliatory Discharge
### (Against Defendant MCHD)

52. Ms. Ward realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

53. ORS 659A.230(1) states, in relevant part, that it is an "unlawful employment practice for an employer to discharge…an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee . . . has in good faith brought a civil proceeding against ***an*** employer." (Emphasis added).

SMITH FOSTER KING LLP
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
(503) 567-7100

RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 850-7011

54.     Ms. Ward, in good faith, brought a civil gender discrimination, retaliation, and sexual harassment lawsuit against her former employer, BCFD No. 1.

55.     It is a matter of public record that BCFD No. 1 settled Ms. Ward's lawsuit for $540,000.  Clearly then, Ms. Ward's complaint was made in "good faith."

56.     Defendant MCHD violated ORS 659A.230(1) on or about January 29, 2025, when it terminated Ms. Ward's employment because of her participation in the prior lawsuit.

57.     As a result of Defendant MCHD's unlawful actions, Ms. Ward is entitled to equitable remedies, including reinstatement, backpay with interest, an injunction on future violations of her civil rights, as well as any other equitable relief the Court finds just and proper. *See* ORS 659A.885(1).

58.     Alternatively, as a result of Defendant MCHD's unlawful actions, Ms. Ward has suffered and is entitled to recover compensatory damages (including economic and noneconomic damages) in an amount to be proven at trial, but no less than $1,500,000.  *See* ORS 659A.885(3).

59.     As a result of Defendant MCHD's unlawful actions, Ms. Ward is entitled to recover costs and reasonable attorney fees.

**THIRD CAUSE OF ACTION**
**Violation of ORS 659A.199(1) – Retaliatory Discharge**
**(Against Defendant MCHD)**

60.     Ms. Ward realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

61.     ORS 659A.199(1) states, in relevant part, that it is an "unlawful employment practice for an employer to discharge . . . an employee . . . for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation."

62.     Ms. Ward, in good faith, reported information that she believed was evidence of a violation of state or federal law, which included the filing of a civil lawsuit alleging gender discrimination, retaliation, and sexual harassment.

PAGE 9 – COMPLAINT

SMITH FOSTER KING LLP
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
(503) 567-7100

RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 850-7011

63.    It is a matter of public record that BCFD No. 1 settled Ms. Ward's lawsuit for $540,000.  Clearly then, Ms. Ward's report was made in "good faith."

64.    Defendant MCHD violated ORS 659A.199(1) on or about January 29, 2025, when it terminated Ms. Ward's employment because of her prior report of discrimination and retaliation and because of her participation in the prior lawsuit against BCFD No. 1.

65.    As a result of Defendant MCHD's unlawful actions, Ms. Ward is entitled to equitable remedies, including reinstatement, backpay with interest, an injunction on future violations of her civil rights, as well as any other equitable relief the Court finds just and proper. *See* ORS 659A.885(1).

66.    Alternatively, as a result of Defendant MCHD's unlawful actions, Ms. Ward has suffered and is entitled to recover compensatory damages (including economic and noneconomic damages) in an amount to be proven at trial, but no less than $1,500,000.  *See* ORS 659A.885(3).

67.    As a result of Defendant MCHD's unlawful actions, Ms. Ward is entitled to recover costs and reasonable attorney fees.

### FOURTH CAUSE OF ACTION
### Violation of ORS 659A.030(1)(f) – Retaliatory Discharge
### (Against Defendant MCHD)

68.    Ms. Ward realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

69.    ORS 659A.030(1)(f) states, in relevant part, that it is an "unlawful employment practice . . . [f]or any person to discharge, expel, or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that person has filed a complaint, testified or assisted in any proceedings under this chapter or has attempted to do so."

70.    Defendant MCHD constitutes "any person" within the meaning of the above-quoted statute.  *See* ORS 659A.001(9)(b).

PAGE 10 – COMPLAINT

SMITH FOSTER KING LLP
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
(503) 567-7100

RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 850-7011

71.    Ms. Ward, in good faith, opposed unlawful employment practices while previously employed with BCFD No. 1, which included the filing of a civil lawsuit alleging gender discrimination, retaliation, and sexual harassment.

72.    It is a matter of public record that BCFD No. 1 settled Ms. Ward's lawsuit for $540,000.  Clearly then, Ms. Ward's lawsuit was made in "good faith."

73.    Defendant MCHD violated ORS 659A.199(1) on or about January 29, 2025, when it terminated Ms. Ward's employment because of her participation in the prior lawsuit against BCFD No. 1.

74.    As a result of Defendant MCHD's unlawful actions, Ms. Ward is entitled to equitable remedies, including reinstatement, backpay with interest, an injunction on future violations of her civil rights, as well as any other equitable relief the Court finds just and proper. *See* ORS 659A.885(1).

75.    Alternatively, as a result of Defendant MCHD's unlawful actions, Ms. Ward has suffered and is entitled to recover compensatory damages (including economic and noneconomic damages) in an amount to be proven at trial, but no less than $1,500,000.  *See* ORS 659A.885(3).

76.    As a result of Defendant MCHD's unlawful actions, Ms. Ward is entitled to recover costs and reasonable attorney fees.

### FIFTH CAUSE OF ACTION
### Violation of ORS 659A.030(1)(g) – Aider and Abettor Liability
### (Against Defendant Reynolds)

77.    Ms. Ward realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

78.    ORS 659A.030(1)(f) states, in relevant part, that it is an "unlawful employment practice . . . for any person, whether an employer or an employee, to aid, incite, compel or coerce the doing of the acts forbidden by this chapter or to attempt to do so."

SMITH FOSTER KING LLP
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
(503) 567-7100

RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 850-7011

79.     Defendant Reynolds violated ORS 659A.030(1) aiding, inciting, compelling, and/or coercing Defendant MCHD into terminating Ms. Ward's employment for reasons forbidden by ORS chapter 659A, as more fully described and alleged above herein.

80.     As a result of Defendant Reynold's unlawful actions, Ms. Ward has suffered and is entitled to recover compensatory damages (including economic and noneconomic damages) in an amount to be proven at trial, but no less than $1,500,000. *See* ORS 659A.885(3).

81.     As a result of Defendant Reynold's unlawful actions, Ms. Ward is entitled to recover costs and reasonable attorney fees.

## JURY DEMAND

82.     Ms. Ward hereby demands a jury trial on all claims.

## RESERVATION

83.     Ms. Ward reserves the right to amend this complaint in the future as further investigation and discovery warrants.

* * *

**WHEREFORE** Ms. Ward prays for judgment in her favor and against Defendant MCHD and Defendant Reynolds on all claims, as follows:

a.  On the First Cause of Action (Retaliatory Discharge in Violation of Title VII), either:

   i.   For an order requiring Defendant MCHD to reinstate Ms. Ward to her prior position, for an award of backpay with interest, and for an injunction on future violations of her civil rights; or

   ii.  For an award of compensatory damages in Ms. Ward's favor, and against Defendant MCHD, in an amount to be determined at trial;

b.  On the Second Cause of Action (Retaliatory Discharge in Violation of ORS 659A.203), either:

   i.   For an order requiring Defendant MCHD to reinstate Ms. Ward to her prior position, for an award of backpay with interest, and for an injunction on future

SMITH FOSTER KING LLP
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
(503) 567-7100

RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 850-7011

violations of her civil rights; or

ii.   For an award of compensatory damages in Ms. Ward's favor, and against Defendant MCHD, in an amount to be determined at trial, but no less than $1,500,000;

c.   On the Third Cause of Action (Retaliatory Discharge in Violation of ORS 659A.199), either:

i.   For an order requiring Defendant MCHD to reinstate Ms. Ward to her prior position, for an award of backpay with interest, and for an injunction on future violations of her civil rights; or

ii.   For an award of compensatory damages in Ms. Ward's favor, and against Defendant MCHD, in an amount to be determined at trial, but no less than $1,500,000;

d.   On the Fourth Cause of Action (Retaliatory Discharge in Violation of ORS 659A.030(1)(f)), either:

i.   For an order requiring Defendant MCHD to reinstate Ms. Ward to her prior position, for an award of backpay with interest, and for an injunction on future violations of her civil rights; or

ii.   For an award of compensatory damages in Ms. Ward's favor, and against Defendant MCHD, in an amount to be determined at trial, but no less than $1,500,000;

e.   On the Fifth Cause of Action (Aider and Abettor in Violation of ORS 659A.030(1)(g)), for an award of compensatory damages in Ms. Ward's favor, and against Defendant Reynolds, in an amount to be proven at trial, but not less than $1,500,000;

f.   For an award of reasonable attorney fees occurred in connection with this action, as

PAGE 13 – COMPLAINT

SMITH FOSTER KING LLP
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
(503) 567-7100

RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 850-7011

permitted by statute;

g.   For an award of costs and prevailing party fees, as permitted by statute;

h.   For pre- and post-judgment interest on all sums awarded; and

i.   For such other and further relief as is just and equitable.

DATED: May 2, 2025.

SMITH FOSTER KING LLP

*/s/ Samuel T. Smith*

Anne D. Foster, OSB No. 993152
Samuel T. Smith, OSB No. 084772
Jaimee R. King, OSB No. 146042
*Attorneys for Plaintiff*

RIVERSIDE NW LAW GROUP, PLLC

*/s/ Matthew Z. Crotty*

Matthew Z. Crotty, WSB No. 39284
*(Pro Hac Vice Forthcoming)*
*Attorney for Plaintiff*

PAGE 14 – COMPLAINT

SMITH FOSTER KING LLP
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
(503) 567-7100

RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 850-7011