IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

SAMANTHA WARD,

        Plaintiff,

  v.

MORROW COUNTY HEALTH DISTRICT; and
EMILY ROBERTS REYNOLDS,

        Defendants.

Case No. 2:25-cv-00734-HL

**FINDINGS AND RECOMMENDATION**

HALLMAN, United States Magistrate Judge:

    Plaintiff Samantha Ward filed this action against Defendants Morrow County Health District ("MCHD") and Emily Roberts Reynolds ("Reynolds"), alleging violations of federal and state law relating to her discharge from her job as a paramedic. Compl., ECF 1. In their Answer, Defendants asserted six affirmative defenses. Answer ¶¶ 7–12, ECF 11. Now before the Court is Plaintiff's Motion to Strike Defendants' Affirmative Defenses. Mot., ECF 14. For the reasons discussed below, that Motion should be GRANTED in part and DENIED in part.

PAGE 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

Because the facts underlying the action are not central to the Motion, this Court discusses them only briefly. Plaintiff worked as a paramedic for MCHD from March 2024 until she was fired in January 2025. Compl. ¶¶ 1, 9, 27. Plaintiff alleges that she was fired from MCHD because she was suing her former employer—the Benton County Fire District No. 1—for gender discrimination. *Id.* at ¶¶ 20, 29. And she brings five causes of action against Defendants based on her allegation that she was terminated for engaging in that protected activity. *Id.* at ¶¶ 41–81.

The Complaint was filed on May 2, 2025. ECF 1. And Plaintiff alleges that she satisfied the notice requirements of the Oregon Tort Claims Act ("OTCA") by serving MCHD by email and certified mail in March 2025, which was "within 180 days of [] MCHD's termination of [her] employment." *Id.* at ¶ 7.

Defendants' Answer included six affirmative defenses: (1) failure to state a claim; (2) that Defendant Reynolds was entitled to qualified immunity; (3) that Plaintiff failed to bring her claims within the applicable statute of limitation; (4) that Plaintiff failed to mitigate her damages; (5) that Defendants are entitled to the protections and immunities of the OTCA; and (6) that Defendants reserved the right to raise additional defenses. Answer ¶¶ 7–12. Plaintiff subsequently filed the Motion to Strike those affirmative defenses.[1] Mot. After Plaintiff filed her Motion, Defendants agreed to withdraw (1) their Second Affirmative Defense that Roberts is entitled to qualified immunity, and (2) a portion of their Fifth Affirmative Defense that Plaintiff failed to provide notice under the OTCA. Resp. 2, ECF 16. And Plaintiff withdrew her request

---

[1] Plaintiff's Motion does not discuss Defendants' Sixth Affirmative Defense, which is a reservation of rights to raise additional defenses that become apparent during the course of discovery. Answer ¶ 12. That defense is commonly included in pleadings, *see, e.g.*, *Bong v. Brown*, No. 6:23-cv-00417-MTK, 2025 WL 842316, at *2 (D. Or. Mar. 18, 2025), and this Court declines to discuss it further.

that this Court strike Defendants' Fourth Affirmative Defense that Plaintiff has an obligation to mitigate damages. Reply 5, ECF 17. Thus, Defendants' First, Third, and Fifth Affirmative Defenses remain at issue.[2]

## STANDARDS

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. ("Rule") 12(f). The purpose of Rule 12(f) is to help "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal citation and quotation marks omitted). The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). "Motions to strike are disfavored and infrequently granted." *Legal Aid. Servs. of Oregon v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008). And a court may not resolve disputed and substantial factual issues when deciding a motion to strike. *Whittlestone, Inc.*, 618 F.3d at 973.

"An affirmative defense may be struck if it is insufficient." *Green Bldg. Initiative, Inc. v. Peacock*, No. 3:24-cv-298-SI, 2025 WL 1434993, at *2 (D. Or. May 19, 2025). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cnty., Arizona*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). "[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'"

---

[2] As discussed below, the Fifth Affirmative Defense remains at issue to the extent that it raises defenses beyond the OTCA's notice requirement, which was waived.

*Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998)).

A court may grant a defendant leave to replead affirmative defenses that have been previously struck as insufficient. *See, e.g.*, *Redwind v. W. Union, LLC*, No. 3:18-cv-02094-SB, 2019 WL 7039966, at *2 (D. Or. Nov. 19, 2019) (granting leave to amend answer to address deficiencies), *report and recommendation adopted*, 2019 WL 6971038 (D. Or. Dec. 17, 2019).

## DISCUSSION

For the reasons discussed below, Plaintiff's Motion to Strike should be GRANTED in part and DENIED in part.

**I.  Defendants' First Affirmative Defense.**

Plaintiff moves to strike Defendants' First Affirmative Defense, which argues that Plaintiff's claims lack factual support and therefore fail to state a claim. Mot. 3; Answer ¶ 7. Although failure to state a claim is not an affirmative defense, this Court declines to recommend striking it.

Failure to state a claim is not an affirmative defense; rather, it is a negative defense that a plaintiff has not met their burden of proof. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *see also Est. of Osborn-Vincent v. Ameriprise Fin., Inc.*, No. 3:16-cv-02305-YY, 2019 WL 764029, at *5–6 (D. Or. Jan. 3, 2019) (collecting caselaw that discusses the distinction between affirmative and negative defenses), *report and recommendation adopted*, 2019 WL 943379 (D. Or. Feb. 25, 2019). And courts are split on whether it is proper to strike "the negative defense of failure to state a claim as redundant where the answer otherwise contains a general denial of the claims." *See Est. of Osborn-Vincent*, 2019 WL 764029, at *6 (discussing the differing approaches). Many recognize that, despite having the discretion to do

so, striking a negative defense does "little more than tidy up the pleadings." *Id.* (internal citation and quotation marks omitted).

Here, Defendants' First Affirmative Defense is actually a negative defense: they are arguing that Plaintiff's claims fail to allege facts sufficient to constitute a claim against Defendants. And this Court acknowledges Plaintiff's arguments about why it should be struck. *See* Reply 3. But this Court declines to recommend striking it because doing so would do little more than tidy up Defendants' Answer.

In sum, Plaintiff's Motion to strike Defendants' First Affirmative Defense should be DENIED.

## II.     Defendants' Third Affirmative Defense.

Plaintiff moves to strike Defendants' Third Affirmative Defense, which raises "the applicable statute of limitations." Mot. 3–4; Answer ¶ 9. This Court agrees that the Third Affirmative Defense should be struck.

In *Wyshank*, 607 F.2d at 827, the Ninth Circuit concluded that the plaintiff had fair notice of a statute of limitations affirmative defense when a memorandum attached to the answer identified the specific statute of limitations provision that the defendant relied upon when it raised the defense. Conversely, in *Polk v. Legal Recovery L. Offs.*, 291 F.R.D 485, 490 (S.D. Cal. 2013), the court struck a statute of limitations affirmative defense that failed to identify the relevant statute.

Here, Defendants' Third Affirmative Defense is that "Plaintiff has failed to initiate claims within the applicable statute of limitations and therefore, the claims must be dismissed." Answer ¶ 9. As in *Polk*, that statement fails to provide fair notice of the defense because it fails to identify the actual statute upon which it rests. Indeed, Plaintiff's Complaint includes five causes

of action involving a federal claim and four Oregon state law claims. *See* Compl. ¶¶ 41–81. But the affirmative defense fails to identify the relevant statute of limitations for any of those claims and therefore does not give Plaintiff fair notice of the basis of the defense. Even if this is a "brand new lawsuit," as Defendants aver, Resp. 3, Defendants can and should plead the specific statutes of limitations at issue.[3]

In sum, Plaintiff's Motion to Strike Defendants' Third Affirmative Defense should be GRANTED, and Defendants should be given leave to amend their Answer.

### III. Defendants' Fifth Affirmative Defense.

Plaintiff moves to strike Defendants' Fifth Affirmative Defense, which invokes "all the defenses, immunities, privileges and limitations contained in [Or. Rev. Stat. §] 30.260, et. seq, Oregon Tort Claims Act." Mot. 4–5; Answer ¶ 11. This Court finds that the Fifth Affirmative Defense should not be struck.

As explained above, fair notice requires that the defense be described in general terms. *Kohler*, 779 F.3d at 1019. Here, Defendants have identified the OTCA generally as a basis for defending against Plaintiff's claims. And although they have partially withdrawn that defense—at least as to the OTCA's notice requirement, *see* Resp. 2—this Court assumes that Defendants otherwise reserve the right to raise any other defenses that the OTCA may provide. This Court finds that, by identifying the statutory scheme through which defenses, immunities, privileges, and limitations may flow, Defendants have complied with the fair notice requirement for an affirmative defense.

---

[3] This Court notes that, for purposes of a motion to strike, pleading the relevant statute of limitations is all that is required. This Court declines Plaintiff's invitation to identify the relevant statutes of limitations for the claims at issue and determine whether that statute of limitations defense "lacks merit." Mot. 3–4.

PAGE 6 – FINDINGS AND RECOMMENDATION

In sum, Plaintiff's Motion to Strike Defendants' Fifth Affirmative Defense should be DENIED.

## RECOMMENDATION

Plaintiff's Motion to Strike [14] should be GRANTED in part and DENIED in part. Defendants' Third Affirmative Defense should be STRUCK, and Defendants should be given leave to amend their Answer should they choose to re-plead that affirmative defense. Consistent with the Parties' stipulations, Defendants' Second Affirmative Defense and Fifth Affirmative Defense—limited to the failure to provide "notice" under the OTCA—should also be STRUCK. The remainder of Plaintiff's Motion should be DENIED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 28th Day of October, 2025.

_____
ANDREW HALLMAN
United States Magistrate Judge