IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SAMANTHA WARD**, | Case No. 2:25-cv-734-HL |
| Plaintiff, | **ORDER** |
| v. | |
| **MORROW COUNTY HEALTH DISTRICT;** and **EMILY ROBERTS REYNOLDS**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Andrew Hallman issued Findings and Recommendation in this case on October 28, 2025. Judge Hallman recommended that this Court grant in part and deny in part Plaintiff's Motion to Strike Defendants' Affirmative Defenses. No party has filed objections.

    Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

    If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act],

PAGE 1 – ORDER

intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections, the Court follows the recommendation of the Advisory Committee and reviews Judge Hallman's Findings and Recommendation for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Hallman's Findings and Recommendation, ECF 24. The Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Strike Defendants' Affirmative Defenses, ECF 14. The Court strikes without prejudice Defendants' Third Affirmative Defense. The parties stipulated to leaving Defendants' Fourth Affirmative Defense and striking Defendants' Second Affirmative Defense and the portion of Defendants' Fifth Affirmative Defense based on notice. The Court declines to strike the remainder of Defendants' Fifth Affirmative Defense and the First Affirmative Defense.

**IT IS SO ORDERED.**

DATED this 17th day of November, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 2 – ORDER